DICKINSON, Justice,
Dissenting:
¶ 26. Today’s decision (albeit a plurality) would grant to a trial judge the authority to decide whether or not the parties have settled and, if so, the terms of the settlement. Never mind that in this case, the only proof of a settlement (and its terms) before the trial court was a pair of conflicting affidavits from the lawyers. Never mind that — as far as one can tell from reading the record — the plaintiffs’ lawyer (whose affidavit apparently persuaded the trial judge) has never been in the presence of the trial judge. Never mind that there were no witnesses, and that the trial judge never even heard from the client who actually has to pay the money. And never mind that the terms of the alleged settlement were not reduced to writing — not even so much as bullet points scribbled on the back of a napkin.
¶ 27. So let me see if I have it straight. After today, the plurality’s logic would allow a plaintiff to sue one of our cities — let’s say Jackson or Tupelo — in a slip-and-fall case. The lawyers could then meet to discuss discovery and possible settlement. Plaintiffs lawyer then could file a motion to enforce a settlement, claiming the city’s lawyer agreed to settle for $25 million. The city’s lawyer files an affidavit saying, “no, we didn’t.” Other than the conflicting affidavits, there is no evidence of a settlement.
¶ 28. Without consulting (or ever even meeting) the plaintiffs lawyer who signed the affidavits; and without hearing any testimony from the plaintiff or the city potentially on the hook for the $25 million; the judge ponders the credibility of the conflicting affidavits and finds the plaintiffs lawyer’s affidavit more believable. So the judge enters an order enforcing the settlement, and the city is on the hook for $25 million. Delighted with the results, the plaintiffs lawyer files another lawsuit the following week.[11]
*951 ¶ 29. After diligent effort, I am unable to imagine a more absurd judicial process or result. I respectfully dissent.
CARLSON, P.J., AND LAMAR, J., JOIN THIS OPINION.

. My colleague’s bewilderment with my example reminds me of my college days taking *951 differential calculus — the fact that one doesn't understand it doesn’t mean it isn’t correct.